SOVEREIGN CAMP OF WOODMEN OF THE WORLD *v.* PARTON.

Opinion delivered January 19, 1931.

1118

*H. M. Jacoway* and *Lee Miles,* for appellant.

*Robert Bailey* and *Hays & Priddy,* for appellee.

KIRBY, J., (after stating the facts). Appellant contends that there was no completed contract for the new insurance and that the undisputed testimony shows, on account of the false warranties, that there could not have been any liability on the part of the company under the new certificate; and that the court erred in not so directing the jury.

It is not questioned that the amount tendered by appellant company in settlement of its liability under the first or old certificate was not the correct amount due thereunder after deduction of charges properly made against it, except as to the $301.65 deducted for misrepresentation of insured's age as one year less than it in fact was. The undisputed testimony shows that the application for the new certificate was not signed by the member or insured, but was signed by Mr. Eakes, who had the old certificate in his possession and was advancing money thereon to the insured; he having signed it upon the suggestion of the beneficiary, the wife of insured, and Jones, the agent of the company employed by the appellant company to effect the exchanges of certificates. Eakes refused to sign the first application until the agent crossed out the words "while in good health," and later signed the application that was presented containing the words that had been stricken out of the first application upon the statement by Jones that it would be all right to do so.

If it be regarded that the contract for the exchange of certificates was not completed, there certainly could be no liability of appellant on the new certificate sued on.

It is undisputed that the member did not sign a receipt for the new certificate, and also that he died before the delivery of same, the clerk of the Camp, whose duty it was to make such delivery having indorsed thereon, "received after death."

Without regard to whether the application for the new certificate was in fact signed by the insured, or whether his name was signed thereto by Eakes upon the suggestion of his wife, the beneficiary, or the soliciting agent, not personally present at the time; if it be regarded a valid signature its effect was as binding upon the insured, so far as the representations and warranties were concerned, as though he had signed it himself. The undisputed testimony shows that he had been suffering from Bright's disease for some time, knew such to be the case, and was confined to his bed much of the time during the three months before his death, and that he died of this same disease within three days of the date of the issuance of the new contract, which was never delivered to him.

The new certificate provided it must be delivered during the lifetime of the member, while he was in good health, and that if his death resulted within a year thereafter from a disease from which he was suffering at the time of the application for and issuance of the certificate, there would be no liability under it. The undisputed testimony also shows that the policy was not delivered at all, that the insured's health was not good at the time the application was made; that he in fact died before the policy was delivered, within two or three days of the date thereof, of the same disease from which he had long suffered. There was necessarily no liability on the part of appellant company under the new certificate, and the court should have directed a verdict in its favor accordingly.

Since it is not disputed that appellant company offered to pay and tendered the full amount due under the first or old policy "less $301.65 wrongfully deducted on account of the alleged incorrect statement of the in-

sured's age, the jury having made a special finding to the contrary on the point," in discharge of its liability thereunder, judgment should have been rendered for such amount, $1,061.85 and said $301.65 wrongfully deducted as aforesaid without penalties and attorney's fees, the statute providing for such penalties and attorney's fees not being applicable in cases of this kind, and the amount sued for was not recovered anyway.

The judgment will therefore be modified, reducing it to the said amount shown to be due under the terms of the old certificate, $1,363.50, and as modified, will be affirmed. It is so ordered.